## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> SUMMERHILL CONSTRUCTION, INC., ) <br> DMKM DEVELOPMENT, LLC, ) <br> AND JAMES MOELLER ) <br> ) <br> Defendants. ) <br> ) | Case No. 21-cv-4165 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Now comes Plaintiff, Nautilus Insurance Company ("Nautilus"), by counsel, and for its Complaint for Declaratory Judgment against Defendants, Summerhill Construction, Inc., DMKM Development, LLC, and James Moeller, states as follows:

**PARTIES, VENUE AND JURISDICTION**

1. At all times relevant, Plaintiff Nautilus was an insurance company incorporated and duly authorized and existing under the laws of the State of Arizona, with its principal place of business in Scottsdale, Arizona. Pursuant to 28 U.S.C. § 1332, Nautilus is a citizen of Arizona.

2. Defendant Summerhill Construction, Inc. ("Summerhill") is and was at all times relevant an Illinois corporation with its principal place of business located at 6351 West Monroe Avenue, Suite 140, Chicago Illinois 60634. Summerhill is a citizen of the State of Illinois.

3. Defendant DMKM Development LLC ("DMKM") is and was at all times relevant an Illinois limited liability company with its principal place of business located at 6351 West Monroe Avenue, Suite 140, Chicago Illinois 60634. DMKM Development LLC is a citizen of the State of Illinois.

4. Nautilus, through counsel, conducted a reasonable inquiry to determine the membership of DMKM by searching available public records including the Illinois Secretary of State website, other internet sources, Westlaw and PACER.

5. Nautilus hereby avers the results of its investigation to determine the membership of DMKM which is sufficient to satisfy the jurisdictional requirements. Med. Assur. Co. v. Hellman, 610 F.3d 371, 376 (7th Cir. 2010); Emps. Preferred Ins. Co. v. C&K Hotel Grp., LLC, No. 15-CV-1500, 2016 WL 755600, at *3 (C.D. Ill. Feb. 25, 2016)(citing Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 106-11 (3d Cir. 2015) (a plaintiff's good faith allegations of the requisite jurisdictional basis regarding an LLC is sufficient to survive a facial attack) and Carolina Casualty Insurance Co. v. Team Equipment, Inc., 741 F.3d 1082 (9th Cir. 2014) (holding similarly)).

6. To the extent there exists any factual challenge to jurisdiction, Nautilus requests that it be permitted to conduct jurisdictional discovery to confirm that complete diversity exists.

7. Nautilus' investigation revealed no connection between DMKM Development LLC and Plaintiff's state of citizenship – Arizona.

8. The Illinois Secretary of State website identified the "manager" of DMKM Development LLC as Kevin Murphy, 6351 W. Montrose Ave., #140, Chicago, IL 60634.

9. The Illinois Secretary of State website identified Steven Moltz, 19 S. La Salle St. Ste 900, Chicago, IL 60603, as the registered agent for DMKM Development LLC.

10. Nautilus identified Barbara Murphy as a possible member of DMKM Development LLC via a search of the website LinkedIn wherein Ms. Murphy identified herself as a "Co-Owner" of DMKM Development LLC.

11. The location information provided by Ms. Murphy on her LinkedIn page was "Chicago, Illinois" and the location information for DMKM Development LLC was identified as "Greater Chicago Area".

12. In it's June 24, 2021denial letter to DMKM Development LLC, Nautilus asked DMKM to advise Nautilus of the identity of all members of DMKM Development LLC.

13. Although DMKM responded to the denial letter through counsel, the response did not provide the requested identity of all members of DMKM Development LLC.

14. Although Nautilus' investigation did not definitively reveal the identity of the members of DMKM Development LLC, upon information and belief, the two members of DMKM Development LLC are Kevin Murphy and Barbara Murphy.

15. Upon information and belief, based upon reasonable investigation, the members of DMKM Development LLC are not citizens of Arizona.

16. Upon information and belief, based upon reasonable investigation, Kevin Murphy and Barbara Murphy are citizens of Illinois.

17. Upon information and belief, Defendant James Moeller ("Moeller") is a citizen and resident of the State of Illinois. Moeller is named as a necessary party in this action because he is the plaintiff in the underlying lawsuit styled *James Moeller v. Summerhill Construction, Inc., Seven D Construction, Peoples Gas, DMKM Development, LLC and City of Chicago* filed in the Circuit Court of Cook County Illinois, Cause No. 2020L008615 ("*Moeller* Lawsuit").

18. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

19. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this litigation occurred in this judicial district, and because at least one of the defendants resides in this judicial district.

## MOELLER LAWSUIT

20. The *Moeller* Lawsuit alleges that on or about August 26, 2018 Summerhill owned, controlled and/or was in charge of erection, construction, repairs, alteration, removal and/or painting at or near 4818 W. Montrose Avenue in Chicago Illinois. (Exhibit A, *Moeller* Lawsuit Complaint, Count I, par. 1).

21. The *Moeller* Lawsuit alleges that on or about August 26, 2018 DMKM owned, controlled and/or was in charge of erection, construction, repairs, alteration, removal and/or painting at or near 4818 W. Montrose Avenue in Chicago Illinois. (Exhibit A, Count IV, par. 1).

22. The *Moeller* Lawsuit alleges that on or about August 26, 2018 Moeller was operating a motor vehicle at or near 4818 W. Montrose Avenue in Chicago Illinois. (Exhibit A, Count I, par. 2; Count IV, par. 2; Count V, par. 2).

23. The *Moeller* Lawsuit alleges that the vehicle operated by Moeller encountered a defect in the roadway at 4818 W. Montrose Avenue in Chicago Illinois which was created by Summerhill which caused Moeller's motorcycle to crash. (Exhibit A, Count I, par. 5)

24. The *Moeller* Lawsuit alleges that the vehicle operated by Moeller encountered a defect in the roadway at 4818 W. Montrose Avenue in Chicago Illinois which was created by DMKM which caused Moeller's motorcycle to crash. (Exhibit A, Count IV, par. 5)

25. The *Moeller* Lawsuit alleges that Summerhill is guilty of one or more careless and negligent acts and/or omissions. (Exhibit A, Count I, par. 7)

26. The *Moeller* Lawsuit alleges that DMKM is guilty of one or more careless and negligent acts and/or omissions. (Exhibit A, Count, IV, par. 7)

## NAUTILUS POLICY

27. Nautilus issued a Commercial General Liability policy no. PN017073 to Named Insureds (per endorsement) Summerville Construction Inc. and DMKM Development LLC for the policy period of October 9, 2017 through October 9, 2018. ("Nautilus Policy").  A true and accurate copy of the Nautilus Policy is attached hereto as Exhibit B.

28. Summerhill and DMKM tendered the *Moeller* Lawsuit to Nautilus.

29. Nautilus agreed to defend Summerhill and DMKM subject to a reservation of rights.

30. On June 24, 2021, Nautilus issued a denial letter to Summerhill and DMKM denying any duty to defend or indemnify Summerhill and DMKM in the *Moeller* Lawsuit and withdrawing its defense.

31. As of the filing of this complaint, the City of Chicago has not tendered the *Moeller* Lawsuit to Nautilus.

32. Upon information and belief, the City of Chicago has been dismissed from the *Moeller* Lawsuit.  To the extent that the City of Chicago has not been dismissed from the *Moeller* Lawsuit, Nautilus reserves the right to add the City of Chicago as a defendant to this declaratory judgment action.

33. It is Nautilus' position that the Nautilus Policy does not provide any coverage for the claims asserted in the *Moeller* Lawsuit against Summerhill or DMKM.

## COUNT I

## AUTO EXCLUSION

34. Nautilus adopts and realleges the allegations in paragraphs 1 through 33 of its Complaint for Declaratory Judgment as if fully set forth herein.

35. The Nautilus Policy attaches Endorsement L204 (07/15) - Exclusion- Unmanned Aircraft, Other Than Unmanned Aircraft, Auto or Watercraft, which provides, in relevant part, as follows:

**EXCLUSION – UNMANNED AIRCRAFT, OTHER THAN UNMANNED AIRCRAFT, AUTO OR WATERCRAFT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Exclusion **g. Aircraft, Auto Or Watercraft** under **Paragraph 2. Exclusions** of **Section I - Coverage A - Bodily Injury and Property Damage Liability** is **replaced** by the following:

2. Exclusions

This insurance does not apply to:

**g. Aircraft, Auto Or Watercraft**
* * *
**(2) Aircraft (Other Than Unmanned Aircraft), Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft (other than "unmanned aircraft"), "auto" or watercraft. Use includes operation and "loading or unloading".

This Paragraph **g.(2)** applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft (other than "unmanned aircraft"), "auto" or watercraft.

This Paragraph **g.(2)** does not apply to:

**(a)** A watercraft while ashore on premises you own or rent; or

   **(b)** "Bodily injury" or "property damage" arising out of:

    **(i)** The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged; or

    **(ii)** The operation of any of the machinery or equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment" as follows:

     **(aa)** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

     **(bb)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

(Exhibit B, Endorsement L204 (07/15), pp. 37 – 38, (hereinafter "Auto Exclusion)

36. The Nautilus Policy defines the term "auto" as follows:

 2. "Auto" means:

 a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

 b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

(Exhibit B, Form CG 00 01 04 13, page 13 of 16)

37. The motorcycle alleged to have been driven by Mr. Moeller at the time of his injuries qualifies as an "auto" under the Nautilus Policy.

38. The Auto Exclusion bars coverage for the injuries alleged in the *Moeller* Lawsuit because all of the injuries are alleged to arise out of the ownership, maintenance, or use of an "auto".

39. Nautilus has no duty under the Nautilus Policy to defend Summerhill or DMKM against the *Moeller* Lawsuit, or to indemnify them for any judgment or settlement entered in the *Moeller* Lawsuit.

## COUNT II

## NO PERSONAL OR ADVERTISING INJURY

40. Nautilus adopts and realleges the allegations in paragraphs 1 through 39 of its Complaint for Declaratory Judgment as if fully set forth herein.

41. The Insuring Agreement of COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY of the Nautilus Policy provides that Nautilus will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. (Exhibit B, Form CG 00 01 04 13, p. 15)

42. The Nautilus Policy defines "personal and advertising injury" in Definition 14 as follows:

> 14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> a. False arrest, detention or imprisonment;
> b. Malicious prosecution;
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
> f. The use of another's advertising idea in your "advertisement"; or
> g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

(Exhibit B, Form CG 00 01 04 13, p. 24)

43. The allegations of the *Moeller* Lawsuit do not satisfy the definition of "personal and advertising injury" in the Nautilus Policy.

44. The Insuring Agreement of Coverage B of the Nautilus Policy is not satisfied.

45. Nautilus has no duty under the Nautilus Policy to defend Summerhill or DMKM against the *Moeller* Lawsuit, or to indemnify them for any judgment or settlement entered in the *Moeller* Lawsuit.

46. For the reasons set forth above, and for any additional reasons under the terms or conditions of the Nautilus Policy, Nautilus has no duty under the Nautilus Policy to defend Summerhill or DMKM against the *Moeller* Lawsuit, or to indemnify them for any judgment or settlement entered in the *Moeller* Lawsuit.

47. An actual controversy exists between Nautilus, Summerhill, DMKM, and Moeller, and by the terms and provisions of 28 U.S.C. §2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

b. Find and declare that the aforementioned coverage defenses bar coverage under the Nautilus Policy for the *Moeller* Lawsuit;

c. Find and declare that Nautilus has no duty under the Nautilus Policy to defend Summerhill and DMKM against the *Moeller* Lawsuit, or to indemnify Summerhill and DMKM, for any judgment or settlement entered in the *Moeller* Lawsuit; and

d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

        Respectfully submitted,

        TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

        s/ *Dana A. Rice*
        Dana A. Rice

Dana A. Rice (ARDC #6283827)
James M. Eastham (ARDC #6224853)
Natasha Seaton (ARDC #6336732)
Traub Lieberman Straus & Shrewsberry LLP
303 W. Madison, Ste. 1200
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
drice@tlsslaw.com
jeastham@tlsslaw.com
nseaton@tlsslaw.com